```
            IN THE UNITED STATES DISTRICT COURT

           FOR THE EASTERN DISTRICT OF LOUISIANA
```

THE HEALTHCARE PROPRIETORS AGENCY, INC.,    CIVIL ACTION
ET AL.

Versus                                       NO:11-2511

THE TAX CREDIT PROCESSING CENTER, LLC        SECTION: "F"
d/b/a TAXBREAK

## ORDER & REASONS

Before the Court is TaxBreak's motion to dismiss for lack of personal jurisdiction. For the reasons that follow, the motion is GRANTED.

## I. Background

This case arises out of a dispute over tax services. Plaintiffs are a group of Louisiana-based nursing homes and health care companies, who contracted with defendant TaxBreak, LLC for advice regarding their federal tax credits. TaxBreak is located in Gadsden, Alabama, and has its principal place of business there.

Plaintiffs allege that TaxBreak marketed its services to them through a TaxBreak employee, Kent Back. Plaintiffs submit Kent Back's business card, which states that he is the "Director of National Accounts" for TaxBreak. Plaintiffs submit email messages from Kent Back in which Back forwards information about TaxBreak's services. The emails also reveal that Back had a telephone conversation with at least one of the plaintiffs on

1

February 9, 2009, and a meeting was scheduled for February 17, 2009.  The meeting took place with Kent Back in Louisiana.  Both Back's business card and the signature block of his email messages indicate that Back is based in Gadsden, Alabama.  Defendant denies that Back is a TaxBreak employee.  That is the extent of the record on Kent Back, or his activities.  TaxBreak maintains in an affidavit by its Chief Financial Office, Michael McCullars, that the work TaxBreak performed in evaluating the plaintiffs' tax credit options took place in Alabama.  Plaintiffs do not dispute this.

    Plaintiffs filed suit against TaxBreak in Louisiana state court and TaxBreak removed the case to this Court.  First, plaintiffs assert that TaxBreak is neither a law firm, nor an accounting firm and was not properly licensed to provide the plaintiffs with accounting and tax services in Louisiana.  Second, plaintiffs complain that TaxBreak charged them contingency fees which were "excessive, unreasonable and not commensurate with the value of the services performed."  Third, plaintiffs assert that TaxBreak was negligent in advising plaintiffs that they were eligible for Work Opportunity Credits when in fact the statute of limitations for claiming those credits had already expired.  Plaintiffs seek a declaratory judgment from this Court that the services agreement between the parties is unenforceable as against the public policy of the

State of Louisiana, a declaratory judgment holding that the fees charged by TaxBreak were excessive, unreasonable, and not commensurate with the value of the services provided, and a judgment against TaxBreak for all damages that the plaintiffs incurred because TaxBreak incorrectly advised them that they were eligible for Work Opportunity Credits.

Defendant moves to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue.

## II. Analysis

When nonresidents like the defendants move to dismiss for lack of personal jurisdiction, the plaintiff seeking to invoke the jurisdiction of this Court bears the burden of establishing it.  See Luv N' Care v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006).  The plaintiff may meet its burden by presenting a prima facie case for personal jurisdiction where, as here, the Court decides the matter without an evidentiary hearing.  Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994).  The Court will take all uncontroverted allegations in the complaint as true and resolve any conflicts in the plaintiff's favor.  Id.  The Court is not restricted to pleadings, but may consider affidavits, interrogatories, depositions, or any other appropriate method of discovery.  Id.; see Jobe v. ATR Mktg., Inc., 87 F.3d 751, 752 (5th Cir. 1996).

The Court may exercise personal jurisdiction over a

3

nonresident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the boundaries of Due Process. See Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006). Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over the defendants would offend due process. See LA. REV. STAT. ANN. § 13:3201(B); Luv N' Care, 438 F.3d at 469; see also Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 871 (5th Cir. 1999).

The Due Process Clause limits the Court's power to assert personal jurisdiction over a nonresident defendant. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14 (1994). That is, a nonresident defendant must have meaningful minimum "contacts, ties, or relations" with the forum state in order for jurisdiction to be constitutional. See Luv N' Care, 438 F.3d at 469 (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 319 (1945)). The minimum contacts analysis asks whether the nonresident defendant purposefully availed himself of the benefits and protections of the forum. Wilson v. Belin, 20 F.3d 644, 647 (5th Cir. 1994).

The minimum contacts test takes two forms, and the

4

constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court seeks to exercise general or specific jurisdiction over the defendant. Specific jurisdiction, which is the only issue here, exists if the plaintiff shows that the defendants have purposely directed their activities toward the forum state and that its cause of action arises out of or results from the defendants' forum-related contacts.  Luv N' Care, 438 F.3d at 469 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) and Nuovo Pignone v. STORMAN ASIA M/V, 310 F.3d 374 (5th Cir. 2002)) (internal quotation marks omitted).  Once the plaintiff makes this preliminary showing, personal jurisdiction will lie so long as maintaining the suit will not "offend traditional notions of fair play and substantial justice."  Id.

    The Court finds personal jurisdiction lacking.  Even assuming that Kent Back is a TaxBreak employee, the plaintiffs fail to show any forum-related activity on the defendant's part other than a few emails from Kent Back, and an apparent visit that he made to the state.  Moreover, plaintiffs fail to show how their claims arise out of or result from the defendant's forum-related contacts.  Plaintiffs sued the defendant for doing accounting and tax work without a license in Louisiana, and then incorrectly advising them that they qualified for a certain federal tax credit.  TaxBreak's Chief Financial Officer, Michael

McCullars states in an undisputed affidavit that all tax advisory work for the plaintiffs was done in Alabama.  Given the limited contacts that TaxBreak had with Louisiana, and because the plaintiffs have failed to articulate the connection between those contacts and their causes of action, this Court finds that personal jurisdiction is lacking.  <u>Turan v. Universal Plan Inv. Ltd.</u>, 70 F. Supp. 2d 671, 674 (E.D. La. 1999) ("Travels to business meetings, conversations on the telephone, and correspondences by mail are not sufficient to establish minimum contacts unless there is evidence that the plaintiffs' claims directly arise from those specific activities.").

Accordingly, IT IS ORDERED: the defendant's motion to dismiss for lack of personal jurisdiction is GRANTED.

New Orleans, Louisiana, December 7, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE